UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERI A. BURKS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 05-CV-611-FHM |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| DEFENDANT. | ) |

## ORDER

Plaintiff, Cheri A. Burks, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's March 28, 2003 applications for disability insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held August 24, 2004. By decision dated February 8, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the ALJ's decision on September 30, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born May 15, 1966, and was 38 years old at the time of the hearing. [R. 52, 331, 347]. She claims to have been unable to work since August 30, 2000, due to Diabetes Type 1, frozen shoulder syndrome, diabetic retinopathy, circulation problems, trigger finger, carpal tunnel, nerve damage, deafness in right ear, hypoglycemia, numbness in hands and bipolar disorder. [R. 62, 351-352]. The ALJ determined that Plaintiff has severe impairments consisting of diabetes, bipolar disorder, vascular disease, problems with shoulder, hands, wrists, hearing, vision, skin and legs. [R. 18]. Despite these impairments, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform a limited range of light work activity. [R.21, 23]. The ALJ found, based upon the testimony of a Vocational Expert (VE), that Plaintiff cannot return to her past relevant work (PRW) as an aircraft mechanic, convenience store cashier and telephone customer service representative but that there are a significant number of jobs available in the state and national economy that Plaintiff could perform with this RFC. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 25]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See*

*Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ's decision is not based upon substantial evidence and that it should be reversed because: 1) the ALJ failed to perform a proper evaluation at step 5 of the sequential evaluation process; 2) the ALJ failed to perform a proper evaluation at step 2 of the sequential evaluation process; and 3) the ALJ failed to perform a proper credibility determination. [Plaintiff's Brief, p. 2]. For the following reasons, the Court finds this case must be reversed and remanded to the Commissioner for further development.

## Step Five Findings

The ALJ found that Plaintiff met her step four burden to prove she is unable to return to her past relevant work. At that point, the burden of proof shifted to the Commissioner to establish that Plaintiff retained the capacity to perform alternative work activity and that the specific type of job she could do existed in the national or regional economy. *Trimiar v. Sullivan,* 966 F.2d 1326, 1329 (10th Cir.1992); 42 U.S.C. § 423(d)(2)(A). Relying on a vocational expert, the ALJ found that there were two jobs Plaintiff could perform, microfilm document preparer and machine feeder. [R. 24]. The Commissioner concedes that one of those jobs, microfilm document preparer, as described by the VE conflicted with the definitions in the Department of Labor's *Dictionary of Occupational Titles* (DOT). [Defendant's brief, p.8, FN1].[2]

---

[2] The ALJ did not ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point. *Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999)*; Social Security Ruling 00-4p (requiring ALJ to resolve conflicts between the DOT and VE's testimony).

The other job identified by the ALJ in his written decision as support for his determination that other jobs are available in significant numbers in the economy was machine feeder. [R. 24, 26]. Plaintiff asserts this job "would also be impossible for [her] to perform" because it requires constant reaching and it is in a moderately noisy environment. [Plaintiff's brief, p. 3]. Defendant responds that the hypothetical presented to the VE contained the RFC limitations the ALJ found to be true which precluded only reaching over shoulder level, not all reaching as claimed by Plaintiff, and allowed for a routine, ordinary business commercial noise environment. [Defendant's brief, p. 9]. Review of the transcript of the hearing before the ALJ supports Defendant's argument. [R. 379-381]. However, the ALJ's written decision cites 350 available machine feeder jobs in Oklahoma and 35,900 nationally. [R. 24, 26]. As Defendant correctly states, the VE testified that 500 of those jobs are in Oklahoma and about 47,000 in the national economy. [R. 379]. Defendant does not explain the discrepancy between the VE's cited number of available jobs and the ALJ's finding. At first blush this would appear to be a minor discrepancy easily characterized as a typographical error. However, the discrepancy causes an ambiguity with regard to the number of jobs the ALJ ultimately determined are available that Plaintiff can perform and is problematic for the Court in determining whether or not the ALJ's findings are supported by substantial evidence.

Counsel for the Commissioner argues the ALJ was correct in determining that a significant number of jobs exist in the economy that Plaintiff can perform with her RFC. As support for this argument, counsel points out that the VE also identified "small parts assembler" as work an individual sharing Plaintiff's RFC and vocational profile could perform during the hearing before the ALJ on August 24, 2004. [Defendant's brief,

4

p. 9]. The small parts assembler job was indeed mentioned by the VE during a discussion with the ALJ regarding the impact that a slight limitation in finger feel and grip would have on the unskilled job base. [R. 381]. Counsel posits that the 2000 small parts assembler positions, with a 25 to 35 percent reduction in the occupational base, added to the 500 machine feeder jobs results in a number of jobs identified between 1,800 and 2,000. [Defendant's brief, p. 9-10]. Nowhere in the brief, however, does counsel point to where this specific finding was made by the ALJ. Indeed, in its review of the written decision of the ALJ, the Court finds no mention at all by the ALJ of this third and pivotal job identified by the VE. Nor is there any discussion by the ALJ regarding the reduction of the number of jobs after factoring in the jobs available for the parts assembler positions. The "presumptions" by the VE as described by counsel and supposedly adopted by the ALJ, are nowhere to be found in the ALJ's written decision. The Court may not create *post-hoc* rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the decision itself. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir.2004) (that the record contains evidence that may support a specific factual finding cannot substitute for the finding itself). Therefore, only the job of machine feeder was properly identified by the ALJ in his written decision as suitable for Plaintiff.

     The Court must remand on this issue because the ALJ did not evaluate whether the machine feeder job, standing alone, existed in significant numbers under 20 C.F.R. § 404.1566. Because this is a fact-specific question and requires evaluation on an individual basis, the resolution "should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual

5

situation." *Allen,* 357 F.3d at 1144 (ALJ did not give explicit consideration to the factors court has recognized should guide the ALJ's commonsense judgment).  This rule is particularly appropriate where the number of jobs available in the region is relatively small; 350 as stated by the ALJ, 500 as argued by the Commissioner. *Id.*

### Step Two Determination

At step two, the ALJ determined Plaintiff has a severe mental impairment of bipolar disorder.  Plaintiff claims the ALJ erred by not including dependent and borderline personality traits as severe impairments at step two.  The Commissioner argues that "Dependent and borderline personality traits by history" were identified by the consultative medical expert in his evaluative report as merely traits and that this single notation is not sufficient to establish the existence of a severe impairment. Plaintiff replies that borderline personality traits have been translated as borderline personality disorder and that the ALJ was required to explain his reasons for not considering them a severe impairment.[3]  Plaintiff does not cite to any medical evidence indicating actual diagnosis of or treatment for such a disorder.

The step two determination is governed by 20 C.F.R. §§ 404.1520(c), 416.920(c) (1986) and is based on medical factors alone.  Pursuant to the regulations, the claimant must make a threshold showing that his or her medically determinable impairment or combination of impairments significantly limits his/her ability to do basic

---

[3] Plaintiff cites two cases as support for this argument. In *Black v. Barnhart*, 237 F.Supp.2d 1099 (S.D.Ia. 2002), a treating physician first noted Axis II diagnosis as borderline personality traits.  The doctor later made an Axis II diagnosis of borderline personality disorder after the claimant received therapy and medication treatment.  In *Barry v. Shalala*, 885 F.Supp. 1224 (N.D.Ia. 1995), the ALJ included "borderline personality traits" among multiple physical severe impairments.  The claimant's mental condition was not addressed by the court as the case was reversed upon issues related solely to the claimant's physical impairments.

work activities, i.e., "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b) (1986); *Bowen v. Yuckert*, 482 U.S. 137, 156, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *See also Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir.2004). The mere presence of a condition or ailment is not enough to get the claimant past step two. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). In this case, Plaintiff failed to meet the *de minimis* showing that dependent and borderline personality traits by history are severe impairments at step two. *Langley*, 373 F.3d at 1123.

## Step Three Determination

Plaintiff complains that the ALJ improperly ignored the non-treating, non-examining reviewing agency experts' conclusions regarding the paragraph "B" domains of function criteria set forth in Listing 12.04. See 20 C.F.R. § 404.1520a(b)(2), *et seq.*[4] Counsel for the Commissioner does not respond to Plaintiff's allegation in this regard, stating only that Plaintiff did not meet the requirement to show marked limitation in two of the four domains in order to qualify for disability benefits under the listing. Indeed, the ALJ's explanation of his findings under the "B" criteria in his written decision is perfunctory. Upon remand, the ALJ is urged to clarify his findings with regard to Plaintiff's functional limitations in each of the paragraph "B" domains and specifically

---

[4] The Commissioner evaluates the impact that the mental impairment has on the claimant's ability to function under 20 C.F.R. § 404.1520a(b)(2), *et seq.* The claimant's impairment is rated by its effect on four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Id.* §§ 404.1520a(c)(3); 416.920a(c)(3). The ALJ is required to document his evaluation of these functional factors (domains) in the body of his decision, *Id.* §§ 404.1520a(e); 416.920a(e), making specific findings as to the evidence relied upon and the degree of limitation in each of these areas. *Id.*

link the evidence he relies upon as well as the evidence he rejects for his determination at this step.

## Credibility Determination

Lastly, Plaintiff contends the ALJ failed to identify specific evidence supporting his adverse credibility determination. "Credibility determinations are peculiarly within the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir.2002) (quotation omitted). The ALJ's factual findings underlying his credibility determination are reviewed to ensure that they are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (internal quotation omitted).

Review of the ALJ's decision reveals that he described the medical evidence, addressed Plaintiff's allegations of totally disabling pain, evaluated her testimony and compared it with the medical evidence and with her prior statements including her reports of daily activities and other evidence. In fully five paragraphs in his decision devoted to his credibility findings, the ALJ identified the specific evidence he relied on in determining that Plaintiff's allegations were credible only to the extent consistent with the residual functional capacity he assessed. [R. 22-23]. Basically, Plaintiff is dissatisfied with the weight given the evidence by the ALJ. Plaintiff essentially asks the Court to reweigh the evidence. This it cannot do. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995). The Court concludes that there is sufficient evidence in the record to support the ALJ's credibility findings and that the ALJ properly linked his credibility findings to the record. Therefore, there is no reason to deviate from the general rule to accord

deference to the ALJ's credibility determination, see *James v. Chater*, 96F.3d 1341, 1342 (10th Cir. 1996)(witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

## **Conclusion**

Because the record is not clear whether or not the ALJ concluded Plaintiff is able to perform the parts assembler job with her RFC and because the ALJ did not evalute whether the number of machine feeder jobs is sufficient to qualify as significant under the statute, 42 U.S.C. § 423(d)(2)(A), and the regulations, 20 C.F.R. § 404.1566, the Court cannot say the ALJ's decision is supported by substantial evidence. Therefore, the decision of the Commissioner finding Plaintiff not disabled is  REVERSED and REMANDED to the Commissioner for further development.

SO ORDERED this 5th day of December, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE